IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSHUA LAKE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**UNITED TRANZACTIONS, LLC**,<br><br>Defendant. | Civil Case Number:<br><br>6:18-cv-1469 (BKS/ATB)<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JOSHUA LAKE (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint on behalf of himself and all others similarly situated, by and through the undersigned attorneys, against Defendant UNITED TRANZACTIONS, LLC (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Defendant violated the Plaintiff's rights provided under the FDCPA by falsely threatening him with criminal charges and legal action, as well as by masking its identity as a debt collector attempting to collect a debt. Plaintiff brings this matter as a class action, because such illegal tactics are routinely engaged in by Defendant. Indeed, Defendant has a long history and track record of abusing consumers, particularly through the use of false threats of legal action, imprisonment and criminal charges.

2. For example, in 2015, Defendant was sued, in part, for threatening to have a Pennsylvania resident arrested, held and prosecuted in Florida, because that consumer's check had bounced. That case was settled as a class action in 2016, wherein the Defendant agreed to

1

pay hundreds of thousands of dollars to resolve the FDCPA claims brought against it. *See, Pawlowski v. United TranzActions, LLC,* 2:15-cv-02330-MAK (EDPA 2016).

3. In 2014, Defendant was similarly sued for falsely threatening an individual with arrest and felony charges, because that consumer's check had bounced. *See, Hernandez v. United TranzActions, LLC,* 1:14-cv-03001-KLM (D.Colo. 2014).

4. In 2015, Defendant was again sued for falsely telling a consumer that his bounced check was the subject of check fraud, and could result in a felony and that the consumer would have to serve jail time. *See, Mate v. United TranzActions, LLC,* 5:15-cv-02170-FMO-KK (C.D. CA 2015).

5. In 2011, Defendant was sued for falsely threatening a consumer that his bounced check would result in prosecution and felony charges. *See, Khouri v. United TranzActions, LLC,* 1:11-cv-00514-WDM-BNB (D. Colo. 2011).

6. In 2013, Defendant was sued for falsely threatening a consumer that his bounced check would result in prosecution. *See, Gomez v. United TranzActions, LLC,* 1:13-cv-00011-LTB (D. Colo. 2013).

7. In 2013, Defendant was again sued for falsely threatening a consumer that unless he immediately paid on his bounced check, the Defendant would file legal action the next day by 12:00 p.m. *See, Penn v. United TranzActions, LLC,* 1:13-cv-03834-KAM-RML (E.D.N.Y. 2013).

8. Defendant similar routinely fails to comply with the FDCPA's requirements that it identify itself as a debt collector and disclose that any information obtained would be used for that purpose. *See e.g., Smiley v. United TranzActions, LLC,* 0:11-cv-01717-MJD-FLN (D. Minn. 2011); *Protze v. United TranzActions, LLC,* 11:11-cv-02490-REB-KLM (D. Colo.

2011); *Mate v. United TranzActions, LLC,* 5:15-cv-02170-FMO-KK (C.D. CA 2015).

9. Unsurprisingly, Defendant has now repeated its past violations of the FDCPA, thereby necessitating the bringing of the instant action.

10. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

11. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

14. Plaintiff brings this class action on behalf of a class of consumers nationwide seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

15. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

16. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

17. Plaintiff is a natural person and a resident of Mohawk, New York, in Herkimer County and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

18. Defendant UTA is a business entity regularly engaged in the business of processing checks and collecting debts in this State with its principal place of business located at 3200 Executive Way, Miramar, FL 33025. UTA markets itself as "the industry leader in check guarantee services since 1991. UTA has a 97% approval rate and the highest average check amount of any check guarantee company in America." See https://www.unitedtranzactions.com/docs/UTA__Check_Guarantee.pdf.

19. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect alleged debts originally due to another.

20. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**ALLEGATIONS OF FACT**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to June 23, 2018, the Plaintiff purchased a vehicle from James Mitsubishi in Rome, New York, which he financed through an auto loan.

23. Plaintiff has made all of his regular monthly payments on the auto loan.

24. However, Plaintiff was also told to pay an additional $2,000.00 ("the alleged obligation") on the auto loan, which he was unable to do, and was given thirty days to pay it.

25. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Defendant contends that the alleged obligation is past due.

27. On or about June 20, 2018, the Defendant left a voicemail for the Plaintiff which stated: "This message is for Joshua Lee Lake. Joshua Lee Lake. Mr. Lake, this is Jerome Kahn. I've called you numerous times during the month of June and you have yet to respond to any of my calls. So be it. Tomorrow, June 21st, that is tomorrow June 21st, [illegible] county, regarding James Cars of Rome and your $2,000 theft by check. Your check will be filed with the county as a theft by check. And again, that's on the Joshua Lee Lake. I called you a bunch of times, you never called back, wanted to see, well not me, the merchant wanted to see if you wanted to resolve this before I had to go legally against you in court. Apparently you don't. So the matter will go forward tomorrow morning. If you have any questions, or if you have an attorney that will be representing you, have him call my office if you like, my secretary will take the information, however the matter will not be delayed. (786)264-7034. Good luck with that decision."

5

28. The June 20, 2018 voicemail is a "communication" as defined by 15 U.S.C.§ 1692a(2).

29. Plaintiff has not done anything that would subject him to criminal or civil charges.

30. Defendant never filed any legal charges, criminal or civil, against the Plaintiff.

31. Nor did Defendant ever intend to file any criminal or civil charges against the Plaintiff.

32. Instead, the Defendant simply made up nonsensical threats of legal action and criminal charges in an attempt to coerce Plaintiff into paying on the alleged obligation, much as the Defendant has done time and time again to numerous consumers as evinced by the numerous lawsuits listed above.

33. By making these false threats, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that he had to pay the alleged debt immediately in order to avoid the serious-sounding consequences threatened by Defendant.

34. Plaintiff further suffered extreme emotional distress, along with feelings of panic and fear as a result of the Defendant's false threats.

35. Moreover, in the Defendant's voicemail, the Defendant never once stated that it was a debt collector, that the communication was an attempt to collect a debt, or that any information obtained would be used for that purpose.

36. Nor has the Defendant ever given that required disclosure to the Plaintiff in <u>any</u> of the communications that the Defendant had with the Plaintiff.

37. The Defendant has thus harmed the Plaintiff, by depriving the Plaintiff of information to which he was statutorily entitled to receive, and by obtaining information from the

Plaintiff without disclosing the reasons that this information was being sought for.

38. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

39. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

   **Class A:** a) All consumers nationwide, b) whom Defendant falsely threatened with legal action or criminal charges, c) during the one-year period immediately preceding the filing of this action.

   **Class B:** a) All consumers nationwide, b) whom Defendant placed a voicemail to without disclosing that the communication was from a debt collector, c) during the one-year period immediately preceding the filing of this action.

40. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

41. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's policies – falsely threatening consumers with legal action or

criminal charges, and failing to disclose that it is a debt collector - violate 15 U.S.C. § 1692e.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's policies – falsely threatening consumers with legal action or criminal charges, and failing to disclose that it is a debt collector - violate 15 U.S.C. § 1692e.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

 (d) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

 (e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

47. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*
### (False Threats And Deceptive Practices)

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. The Defendants violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt, in violation of §1692e(10);

    b. Falsely representing the legal status of the alleged debt in violation of 1692e(2)(A);

    c. Falsely implying that nonpayment of the alleged debt will result in the arrest or imprisonment of the Plaintiff, in violation of §1692e(4);

    d. Falsely threatening the Plaintiff with action that cannot legally be taken, and that the Defendant did not intend to take, in violation of §1692e(5); and

    e. Falsely implying that the Plaintiff committed a crime in order to disgrace the Plaintiff, in violation of §1692e(7).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 16 U.S.C. §1692e *et seq.*
### (Failure To Provide Required Disclosures)

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55. Pursuant to 15 U.S.C. § 1692e(11), a debt collector must disclose in its initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

56. Pursuant to 15 U.S.C. § 1692e(11), the debt collector must also disclose in subsequent communications that the communication is from a debt collector.

57. The Defendants violated 15 U.S.C. § 1692e(11) by never once making any of these required disclosures.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 19, 2018

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*